IN THE UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | | |
|---|---|---|
| IN RE: | * | |
| | * | |
| JASON LEE RUDISILL | * | Case No. 20-90178 |
| | * | Chapter 13 |
| 7434 FM 226 | * | |
| NACOGDOCHES, TX 75961 | * | |
| xxx-xx-0948/xxx-xx-0000 | * | |
| | * | |

Debtor

# TRUSTEE'S OBJECTION TO CLAIM
## OF Bancorp South Bank Court Claim 8-1

TO THE HONORABLE JUDGE OF THIS COURT:

The Chapter 13 Trustee in the above-referenced case (the "Trustee" herein) files his Objection to the Claim as filed by **Bancorp South Bank** Court Claim **8-1** (the "Claimant" herein) pursuant to Fed. R. Bankr. P. 3007(d) and LBR 3007.

### 30-DAY NEGATIVE NOTICE LBR 3007(b):

**ATTENTION: YOUR CLAIM MAY BE REDUCED, MODIFIED, OR ELIMINATED. Accordingly, you should read this pleading carefully and discuss it with your attorney, if you have one in this bankruptcy case. If you do not wish for the Court to eliminate or change your claim, you must file a written response opposing the claim objection, explaining the factual and/or legal basis for that response.**

**No hearing will be conducted on this claim objection unless a written response in opposition is filed with the Clerk of the United States Bankruptcy Court and served upon the Chapter 13 Trustee _WITHIN THIRTY (30) DAYS FROM DATE OF SERVICE_ listed in the certificate of service unless the Court shortens or extends the time for filing such response. If no response in opposition is timely served and filed, this claim objection shall be deemed to be unopposed, and the Court may enter an order sustaining the objection to your claim. If a response in opposition is filed and served in a timely manner, the Court will thereafter set a hearing with appropriate notice. If you fail to appear at the hearing, your response in opposition may be stricken. The Court reserves the right to set a hearing on any matter**.

1. The Trustee objects to the Claimant's Claim **8-1** for one or more of the following reasons:

__x__. **The Claimant's Claim 8-1 was not timely filed**. The Trustee requests the Court to take judicial notice of the Claimant's Claim **8-1**; the date it was filed; the claim's bar date as established in this case; and the Court's Docket Report to confirm that no Court Order has been entered in this case allowing for the filing of this late filed claim to allow the Court to confirm that this Claim was in fact filed after the claim's bar date without proper authorization from this Court.

____. **The Claimant's Claim is a duplicate of Court Claim 8-1.** The Trustee requests the Court to take judicial notice of the Claimant's Claim **8-1** and to allow the Court to confirm that such Claims are in fact duplicate claims.

____. **The Claimant's Claim 8-1 was filed in the wrong case.** The Trustee requests the Court to take judicial notice of the Claimant's Claim **8-1** and, in particular the debtor's name and case number as set forth in said Claim to confirm that such is different from Debtor's name and case number as contained in the above referenced case to allow the Court to confirm that the Claim was filed in the wrong bankruptcy case.

____ **The Claim 8-1 was improperly filed by debtor on behalf of said Claimant either too early prior to the start of or too late after the expiration of the 30 day period as established by Bankruptcy Rule 3004 for filing such a claim.** The Trustee requests the Court to take judicial notice of the Claimant's Claim **8-1** as filed by the debtor; the 30 day period for the debtor to file a claim on behalf of a Claimant as established in this case pursuant to Bankruptcy Rule 3004; the date said Claim was filed and that said Claim was filed either before or after this 30 day period; and the Court's Docket Report to confirm that no Court Order has been entered in this case authorizing the debtor to file Claim **8-1** outside this 30 day time period.

A true and correct copy of Claim **8-1** (without exhibits) is attached hereto as Trustee's Exhibit "1".

2. In that there are no factual issues, no affidavit is necessary and the Trustee requests the Claim **8-1** be disallowed in its entirety as a matter of law.

WHEREFORE, the Chapter 13 Trustee, respectfully prays for the entry of an order sustaining his objection to the foregoing proof of claim and for such other and further relief to which he may be entitled.

Respectfully submitted,

/s/ Lloyd Kraus
Lloyd Kraus, Chapter 13 Trustee SBN 24066773
110 N. College, Suite 1200
Tyler, TX 75702
(903) 593-7777; FAX (903) 597-1313

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing was served on the following parties on 2/5/2021:

**Debtors' Attorney:**
W DAVID STEPHENS
P O BOX 444
LUFKIN, TX 75902

**Debtors:**
JASON LEE RUDISILL
7434 FM 226
NACOGDOCHES, TX 75961

**All additional parties requesting notice in this case**

Advancial Federal Credit Union
c/o J. Ward Holliday et al
501 Elm Street, Suite 200, LB13
Dallas, TX 75202

Synchrony Bank
c/o PRA Receivables Management, LLC
P O Box 41021
Norfolk, VA 23541

**To the name and address for notices as listed in the Claim 8-1:**

Bancorp South Bank
P O Box 4360
Tupelo, MS 38803

(____) Check if applicable:  **If the Objection pertains to a proof of claim as filed by the Federal Government, notice also given to the following named parties**:

Attorney General of the US
U.S. Dept. of Justice
10th and Constitution
N.W. Room 5111
Washington, D.C.  20530

--and--

U.S. Attorney as checked below:

( )  Tyler and Marshal Cases:	U.S. Attorney
	110 North College, Suite 700
	Tyler, TX  75702

	Ms. Ruth Yeager
	Assistant U.S. Attorney
	110 North College, Suite 700
	Tyler, TX  75702


( )  Lufkin and Beaumont Cases:	US Attorney
	Eastern District of Texas
	350 Magnolia Ave., Suite 150
	Beaumont, TX  77701

	Mr. Michael W. Lockhart
	Assistant US Attorney
	Eastern District of Texas
	350 Magnolia Ave., Suite 150
	Beaumont, TX  77701

	Lloyd Kraus, Chapter 13 Trustee


	/s/ Lloyd Kraus
	Lloyd Kraus, Chapter 13 Trustee SBN 24066773
	110 N. College, Suite 1200
	Tyler, TX  75702
	(903) 593-7777; FAX (903) 597-1313