THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | | |
|---|---|---|
| JASON LEE RUDISILL   XXX-XX-0948<br>7434 FM 226<br>NACOGDOCHES, TX 75961<br><br><br><br><br><br>DEBTOR | §<br>§<br>§<br>§<br>§<br>§<br>§ | CASE NUMBER: <u>20-90178</u><br><br>CHAPTER 13 |

TRUSTEE'S RECONCILIATION CONCERNING CLAIMS
(WITH NOTICE OF BAR DATE FOR OBJECTIONS TO CLAIMS)
(hereinafter referred to as the "TRCC"; relates to new 2017 version of TXEB Form Plan)

**<u>NOTICE OF DEADLINE</u> for filing Objections to Claims, Setting Value of Collateral, and Challenging Validity of any Security Interest**

**YOU ARE NOTIFIED** that, pursuant to LBR 3015(g), the deadline for: (1) filing an objection to the allowance of any proof of claim filed in this case; (2) filing a motion for valuation of collateral to determine the amount of a secured claim filed in this case pursuant to Rule 3012; or (3) filing an appropriate pleading to avoid or otherwise challenge the validity of any security interest claimed in any proof of claim filed in this case, is the **<u>twenty-first (21st) day following the date of service of this document.</u>**

**Trustee's Reconciliation Concerning Claims**

I. **<u>Purpose of the TRCC</u>**: The purpose of the TRCC is to put the **<u>Debtor</u>**\* on notice of the following:

   A. **To give the Debtor notice of the results of the Trustee's reconciliation of the terms of the confirmed Chapter 13 Plan with the claims as actually filed**;

   B. **To give the Debtor notice concerning the Trustee's proposed disbursement of the plan payments to the creditors and their claims as set forth in the attached Schedules as a result of this reconciliation**;

   C. **To give the Debtor notice of whether the Trustee believes the Confirmed Plan is feasible or infeasibility as noted in Paragraph IV below**; and

   D. **To give the Debtor the opportunity to modify the plan in order to adjust these proposed disbursements or otherwise cure any infeasibility issues in order to avoid the Trustee's filing a Motion to Dismiss.**

NO OBJECTION SHOULD BE FILED BY ANY PARTY TO THIS TRCC. IF A PARTY DISAGREES ON THE TRUSTEE'S PROPOSED DISBURSEMENTS AS SET FORTH HEREIN, THAT PARTY SHOULD FILE A <u>MOTION TO COMPEL AMENDMENT OF TRUSTEE'S RECONCILIATION CONCERNING CLAIMS</u>.

\* The use of the singular term "Debtor" in this Trustee's Confirmation Report includes both debtors when the case has been initiated by the filing of a joint petition by spouses.

1

**II. Things the TRCC does NOT or CANNOT Do**: The TRCC does not or cannot do the following:

    A. **Does NOT serve as a Modification of plan after confirmation under 11 U.S.C. 1329**. The Trustee cannot add, delete, or modify the payment of a claim or cure any underfunding through the TRCC reconciliation process.

    B. **Does NOT serve as an Objection to a Claim under 11 U.S.C. 502**.

    C. **Does NOT set or establish collateral value that is subject to valuation under 11 U.S.C. 506 (ie, cram down)(hereinafter referred to as a "506 Claim")**. Such collateral value may only be established by the terms of the confirmed plan (if applicable), agreement of the parties, or a Court Order entered pursuant to an objection to a proof of claim or motion for valuation. If collateral value is not set or determined by one of the means as set forth herein, the TRCC reflects that the Trustee shall disburse to a 506 Claim in accordance to the collateral value as reflected in the Proof of Claim as filed by the Claimant (NOT the projected collateral value as set forth in the Plan). See §3.4 of the Plan.

**III. Subsequent Adjustments to the TRCC**: The Trustee shall adjust his proposed disbursements as set forth in this TRCC for the following events:

    A. The entry of any subsequent claim objection order pertaining to a claim provided for in the confirmed Plan;

    B. The entry of any subsequent valuation order securing an allowed claim provided for in the confirmed Plan that is subject to 11 U.S.C. 506 bifurcation;

    C. The filing of any amended proof(s) of claim pertaining to an allowed claim provided for in the confirmed Plan;

    D. The withdrawal of any proof(s) of claim provided for in the confirmed plan;

    E. The entry of any subsequent order allowing for payment of any claim filed after the claims' bar dates or by the provisions of 11 U.S.C. 1305;

    F. The termination of the automatic stay as to the property being provided for in the confirmed Plan as noted in and under the terms and conditions as set forth in §§ 3.2, 3.3, and/or 3.4 of the confirmed Plan;

    G. The entry of any Order grating all or in part of a subsequent Motion to Compel Amendment of Trustee's Reconciliation Concerning Claims; and/or

    H. The entry of any Order confirming the terms of a subsequent Motion to Modify.

**IV. Trustee's Claims Adjudication or Preliminary Notice of Infeasibility after TRCC**: The Trustee has made the preliminary determination as set herein that the terms of the confirmed Chapter 13 Plan are either feasible or infeasible as set forth herein below:

  __**X**__    **Feasible:** The Trustee is of the opinion that the Plan is feasible and that all claims have been reconciled by the terms of this TRCC with the terms of the Plan without the necessity of a motion to modify or other action by the Debtor.

**--OR--**

\_\_\_\_  **Infeasible:**  The Trustee is of the opinion that the confirmed Chapter 13 Plan is infeasible for one or more of the following reasons:

\_\_\_\_  The confirmed Chapter 13 Plan is underfunded in that the Plan Base is insufficient to allow the Trustee to pay in full all of the allowed claims and administrative claims pursuant to the terms of the confirmed Chapter 13 Plan.

\_\_\_\_  The claims to be paid under the confirmed Chapter 13 Plan cannot be reconciled with the actual claims as filed by the Creditors as set forth in the attached Schedule L.

\_\_\_\_  The confirmed Chapter 13 Plan fails to provide for the full payment, in deferred cash payments, of all claims entitled to priority under 11 U.S.C. 507 as required under 11 U.S.C. 1322(a)(2) as set forth in the attached Schedule M.

\_\_\_\_  One or more of the Claimants to be paid by the Trustee under the terms of the confirmed Chapter 13 Plan (and/or any party on their behalf as authorized under 11 U.S.C. 501) as set forth in the attached Schedules have failed to file a proof of claim.

The Debtor needs to cure the infeasibility issue(s) as noted herein.  In the event the infeasibility of the Plan is not resolved by the Debtor within **twenty-one (21) days following the date of service of this document**, the Trustee or other interested party may file a motion to dismiss the Debtor's bankruptcy case based upon these infeasibility issue(s).

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing document has been served upon the following parties in interest by mailing a copy of same to them via first class mail or electronically on 4/7/2021.

JASON LEE RUDISILL
7434 FM 226
NACOGDOCHES, TX 75961


W DAVID STEPHENS
P O BOX 444
LUFKIN, TX 75902

TSCSDU
PO BOX 659791
SAN ANTONIO, TX 78265

IRS
PO BOX 7317
PHILADELPHIA, PA 19101-7317

PORTFOLIO RECOVERY ASSOCIATES
PO BOX 12914
NORFOLK, VA 23541

                    and the parties listed on the attached Mailing Matrix

                    Respectfully submitted,


                    /s/Lloyd Kraus
                    Lloyd Kraus, SBN 24066773
                    Office of the Standing Chapter 13 Trustee
                    110 N. College Avenue, Suite 1200
                    Tyler, TX  75702
                    (903)593-7777, Fax (903) 597-1313

### Order of Payment
**Unless the Court orders otherwise, the Trustee shall make
Disbursements in the Following Order**

(1) Trustee's fees under Section 4.2 of the Plan upon receipt of plan payment
(2) Adequate protection payments under Sections 3.3 and 3.4 of the Plan
(3) Allowed attorney fees under Section 4.3 of the Plan
(4) Secured claims under Sections 3.2, 3.3, and 3.4 of the Plan concurrently
(5) DSO priority claims under Sections 4.4 and 4.5 of the Plan concurrently
(6) Non-DSO priority claims under Section 4.6 of the Plan
(7) Specially classed unsecured claims under Section 5.1 of the Plan
(8) General unsecured claims under Section 5.2 of the Plan

### Schedule A
**Trustee to Cure Defaults (Arrears) and
Debtor to Maintain Direct Payments Obligations**

| Claimant | Claim Number | Amount | Interest | Monthly Payment | Notes |
|---|---|---|---|---|---|
|  |  |  |  |  |  |

### Schedule B
**Trustee to Pay Secured Claims Protected from Section 506 Bifurcation
(Non-cram down "910 Claims")**

| Claimant | Claim Number | Amount | Interest | Monthly Payment | Notes |
|---|---|---|---|---|---|
| ADVANCIAL FEDERAL CREDIT UNION | 01 | $33,917.16 | 5.00 | $706.93 | 2018 CHEVY SILVERADO; Pre AP Pymts $373.10 x 5 Months |
| ADVANCIAL FEDERAL CREDIT UNION | 01 | $746.20 | 5.00 | $373.10 | 2018 CHEVY SILVERADO; Post AP Payments $373.10 x 2 months |

### Schedule C
**Trustee to Pay Secured Claims Subject to Section 506 Bifurcation
("506 Claims" subject to Cram down)**

| Claimant | Claim Number | Amount | Interest | Monthly Payment | Notes |
|---|---|---|---|---|---|
|  |  |  |  |  |  |

**\*The lessor of** the "Total Claim Amount" from Claim or the "Collateral Value" from Plan.

## Schedule D
### Debtor's Lien Avoidance: Trustee to pay this amount per the Plan
### (the amount avoided will be treated as an Unsecured Claim)

| Claimant | Claim Number | Amount to be paid if not fully avoided | Interest | Monthly Payment | Notes |
|---|---|---|---|---|---|
| | | | | | |

## Schedule E
### Trustee to Pay "Allowed Balance" of Attorney's Fees After AP Payments

| Attorney | Total Fees | Down Payment | Amount | Comment |
|---|---|---|---|---|
| W DAVID STEPHENS | $3,500.00 | $147.00 | $3,353.00 | ATTORNEY FEES PRAYED FOR $3500.00; $147.00 PAID DIRECT BY DEBTOR; $3353.00 TO BE PAID THRU PLAN. NO STAY LITIGATON FEE REQUESTED. |

Attorney has elected the "No Look" fee as set forth in LBR 2016(h)(1) unless otherwise indicated. The Allowed Balance has been or will be adjusted upon certification by the Trustee that this is a business case and/or Debtor(s)' attorney's certification that the attorney performed stay litigation:
\_\_\_\_\_ Fee Application.

## Schedule F
### Trustee to pay Priority Claims as follows:

| DSO Claimant | Claim Number | DSO Claim Amount | Monthly Payment | Notes |
|---|---|---|---|---|
| | | | | |

| Taxes and Other Priority Claimant | Claim Number | Claim Amount | Monthly Payment | Notes |
|---|---|---|---|---|
| TXCSDU | 02 | $3,855.64 | $65.09 | TAXES |
| INTERNAL REVENUE SERVICE | 03 | $4,857.40 | $91.91 | CLAIM 3-2 AMENDS CLAIM 3-1 FILED 10/16/20 |

## Section G
### Treatment of Special Class Nonpriority Unsecured Claims

| Special Class Unsecured Claimant | Claim Number | Claim Amount | Interest | Monthly Payment | Notes |
|---|---|---|---|---|---|
| | | | | | |

## Section H
### Treatment of Nonpriority Unsecured Claims

| Claimant | Claim Number | Amount | Interest | Monthly Payment | Notes |
|---|---|---|---|---|---|
| AMERICAN EXPRESS NATIONAL BANK | 04 | $1,822.52 | 0.00 | $0.00 | |
| BANCORP SOUTH BANK | 06 | $3,684.15 | 0.00 | $0.00 | |
| BANCORP SOUTH BANK | 05 | $11,385.39 | 0.00 | $0.00 | |
| PORTFOLIO RECOVERY ASSOCIATES, LLC | 07 | $1,296.42 | 0.00 | $0.00 | SYNCHRONY BANK |
| INTERNAL REVENUE SERVICE | 03 | $496.40 | 0.00 | $0.00 | CLAIM 3-2 AMENDS CLAIM 3-1 FILED 10/16/20 |

Per Section 5.2 of the Plan, all allowed nonpriority unsecured claims shall be paid by the Trustee as follows.
   ___   100% + interest at ____%
   ___   100% + interest at ____% with no future modifications to treatment under this section
  **X**   Pro Rata Share of all funds remaining after payment of all secured, priority, and specially classified unsecured claims.

## Schedule I
### Direct Payments by Debtor of Secured Claims Not in Default on the Petition Date; Trustee will not pay

| Claimant | Collateral Description |
|---|---|
| | |

## Schedule J
### Debtor's Surrender of Property; Trustee will not Pay

| Claimant* | Collateral Description |
|---|---|
| | |

*The affected Creditor shall have 90 days after the Effective Date of the Plan to file a deficiency claim.

## Schedule K (Section 6.1 of Plan)
### Executory Contracts and Unexpired Leases ASSUMED by Debtor
### (All other Executory Contracts/Unexpired Leases Not Listed REJECTED)

| Counterparty | Description |
|---|---|
| | |

## Section L
**Trustee will hold disbursements to the following Creditors provided for in the Debtor's confirmed Plan for the reason(s) noted**

| Claimant | Claim Number | Amount | Notes |
|---|---|---|---|
|  |  |  |  |

## Section M
**Trustee will not pay the following claims that were not provided for in the Debtor's confirmed Plan or Claims disallowed**

| Claimant | Claim Number | Amount | Notes |
|---|---|---|---|
| BANCORP SOUTH BANK | 08 | $245.93 | LATE FILED CLAIM, TRUSTEE INTENDS TO FILE AN OBJECTION; obj to POC EOD 2/5/21; Order sustaining EOD 3/10/21; |