IN THE UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

IN RE:

| | | |
|---|---|---|
| JASON LEE RUDISILL | * | Case No. 20-90178 |
| 7434 FM 226 | * | Chapter 13 |
| NACOGDOCHES, TX 75961 | * | |
| xxx-xx-0948 | * | |

Debtor

## MOTION TO DISMISS AND SETTING HEARING

**The Trustee requests this Court to set this Motion for hearing on the <u>21st</u> day of <u>October, 2021</u>, at <u>10:00 AM</u> VIA VIRTUAL HEARING.**

To the Honorable Judge of Said Court:

COMES NOW LLOYD KRAUS, Chapter 13 Trustee, and files this his Motion to Dismiss and Setting Hearing in the above numbered and styled proceeding, and for cause would show this Honorable Court as follows:

1. **Jurisdiction:** The Court has jurisdiction over this proceeding in accordance with 28 U.S.C. §§ 157 and 1334. This is a core proceeding according to 28 U.S.C. § 157(b).

2. **Dismiss Case for Failure to Turn Over Copy of Tax Return(s):** The Trustee requests this case be dismissed pursuant to the provisions of 11 U.S.C. § 1307(c)(1) based upon the failure of the Debtor to provide the Trustee with a copy of the tax return(s) as noted below as required under the terms of the confirmed Plan[1] and the Trustee asserts that such dismissal would be in the best interests of the Creditors.

2. **Missing Tax Return(s):** The Debtor has failed to provide the Trustee with a copy of the tax return for the following year or years[2]: 2020

3. **Providing a Copy of the missing Tax Returns to the Trustee Prior to the Hearing:** To prevent the dismissal of this case, the Debtor must provide the Trustee with

---

[1] The terms of the confirmed plan requires the Debtor to provide the Trustee a copy of the Debtor's tax returns within ten (10) days of filing same during the pendency of this case in order to allow the Trustee to determine the amount, if any, of the Debtor's tax refund, if any, that should be turned over to the Trustee to be added to the Plan base..

[2] The Debtor has failed to either provide the tax return(s) in question or an explanation of the Debtor's failure to provide the tax return(s).

a copy of the above referenced tax return(s) **prior to the hearing** by mailing a copy of same to the Trustee at the following address[3]:

**Standing Chapter 13 Trustee**
**110 N. College Ave., Suite 1200**
**Tyler, TX 75702**

4. **Conditional Dismissal Order:** In the event the Debtor has failed to provide the Trustee with a copy of the missing Tax Return(s) is because the Debtor is under an extension from the Internal Revenue Service ("IRS") or some other acceptable reason, the Trustee may request the Court to enter a Court Order setting a deadline for the Debtor to provide the Trustee with a copy of the missing Tax Return(s) and, in the event the Debtor fails to provide such copies by the deadline, this case will be automatically dismissed by the Court without further notice or Motion.

5. **Only applies if checked off:**

**( X ) Dismiss Case for Failure to Make Plan Payments:** The Trustee requests this case be dismissed pursuant to the provisions of 11 U.S.C. § 1307(c)(1) based upon the failure of the Debtor to make plan payments and the Trustee asserts that such dismissal would be in the best interests of the Creditors.

**Amount of arrearage in Plan Payments:** The Debtor is in arrears in the amount of **$975.00** as of 9/14/2021 plus any additional plan payments that come due between that date and the hearing date noted above.

**Bringing Plan Payments Current Prior to the Hearing**: **To prevent the dismissal of this case, the Debtor may bring the plan payments current by making payments by one of the acceptable options as set forth on the Trustee's website in sufficient time for the payment to post prior to the Court hearing.[4]**

      WHEREFORE, PREMISES CONSIDERED, the Trustee requests that this case be dismissed based upon the grounds as set forth herein; that any funds remaining on deposit with the Trustee shall be distributed to the Debtors upon the dismissal of this case per *Viegelahn v Lopez (In re Lopez)*, 897 F.3d 663, 670-71-(5th Cir. 2018); and that the Trustee be given such other relief that the Trustee may show himself entitled.

---

[3] In the alternative, the Debtor must provide the Trustee with an explanation of why the Debtor failed to provide the Trustee with a copy of the tax return(s) in question (for example, not required to file; under an extension to file, etc.).

[4] **See the various payment options at the Trustee's website at http://ch13tyler.com under the tab on the left of the screen entitled "Debtors".**

Respectfully submitted,

Lloyd Kraus
CHAPTER 13 TRUSTEE

/s/ Lloyd Kraus
Lloyd Kraus, Chapter 13 Trustee SBN 24066773
110 N. College, Suite 1200
Tyler, TX  75702
(903) 593-7777; FAX (903) 597-1313

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing Motion to Dismiss and Setting Hearing has been served upon the following parties in interest by mailing a copy of same to them via first class mail or electronically on 9/14/2021:

W DAVID STEPHENS
P O BOX 444
LUFKIN, TX 75902

JASON LEE RUDISILL
7434 FM 226
NACOGDOCHES, TX 75961

/s/ Lloyd Kraus
Lloyd Kraus